WELLFORD, Senior Circuit Judge, concurring:

I concur in Judge Edmondson's opinion. The antitrust issues were addressed early in this case through a decision on setting aside a preliminary injunction in and expanded on in a concurring opinion authored by then Chief Judge Tjoflat, 887 F.2d 1535, 1539 (11th Cir. 1989) (Tjoflat, C.J., concurring).

There were contested issues as to whether defendants possessed market power in a relevant market for temporary nursing services. The jury decided the contested relevant issue on which plaintiffs had the burden. There were contested issues as to whether defendants had monopoly "control over access to an essential element of competition" by means of the arrangement. Plaintiffs had the burden to prove this and they failed in this burden.

Judge Edmondson points out, as Judge Tjoflat previously did in this case, that *Northwest Whole Stationers, Inc. v. Pacific Stationery & Printing Co.*, 472 U.S. 284 (1985), is key, and it "prohibits the application of the per se rule to cooperative buying arrangements unless a court has made certain preliminary findings of fact." *Id.* *Northwest* held that "[a]bsent a showing [of market power or *exclusive access* to an element essential to effective competition] with respect to a cooperative buying arrangement, courts should apply a rule-of-reason analysis." *Northwest*, 472 U.S. at 297, *quoted in All Care Nursing Service*, 887 F.2d at 1539; *see also* Areeda & Havenkamp, *Antitrust Law* (1989 Supp.) ¶ 1511 (discussing *Northwest* and suggesting that plaintiffs must establish market power of defendant before the court should finally decide *per se* or rule of reason application).

In addition, this circuit has indicated that "[t]he presumption in cases brought under section 1 of the Sherman Act is that the rule-of-reason standard applies." *Seagood Trading Corp. v. Jerrico,*

*Inc.*, 924 F.2d 1555, 1567 (11th Cir. 1991). We observed in that case, moreover, that "[t]he Supreme Court has made it clear that the per se label should be applied infrequently and with caution." *Id.*

The majority opinion has covered all of the questions in this case; I merely emphasize the application of the rule-of-reason principle under the circumstances.